## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PHOENIX BULK CARRIERS (US) LLC,**
**AND BULK PATRIOT, LTD.**

       **Plaintiffs,**                  **CIVIL ACTION NO. _____**

**v.**                                     **ADMIRALTY RULE 9(h)**

**BOLAND MARINE & INDUSTRIAL,**
**LLC,**

       **Defendant.**

### ORIGINAL COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Bulk Patriot, Ltd. ("Bulk Patriot" or "Plaintiff") and Phoenix Bulk Carriers (US) LLC ("Phoenix Bulk"; collectively with Bulk Patriot, "PBC"), and for their Original Complaint against Boland Marine & Industrial, LLC ("Boland" or "Defendant"), aver as follows:

1.

This is an admiralty and maritime claim within the Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and Federal Rule of Civil Procedure 9(h). Diversity subject matter jurisdiction also exists pursuant to 28 U.S.C. § 1332.

2.

Plaintiff Bulk Patriot, Ltd. is a company organized and existing pursuant to the laws of a foreign country, and was at all material times the registered owner of the M/V BULK PATRIOT (the "Vessel"), a vessel bearing IMO No. 9115523.

1

3.

Plaintiff Phoenix Bulk Carriers (US) LLC is a company organized and existing pursuant to the laws of the State of Delaware, and was at all material times the commercial manager of the M/V BULK PATRIOT.

4.

Defendant, Boland Marine & Industrial, LLC, is a domestic limited liability company organized under the laws of the State of Louisiana, which may be served through its registered agent for service of process, Mike A. Keim, 1000 Tchoupitoulas Street, New Orleans, Louisiana 70130.

5.

Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), because Boland is domiciled within the jurisdictional boundaries of this Court.

6.

PBC has a long-term Contract of Affreightment with Noranda Alumina, LLC ("Noranda"), as shippers, for the continuous carriage of bauxite from Noranda's raw bauxite facility in Port Rhoades, Jamaica, to Noranda's production facility along the Mississippi River in Gramercy, Louisiana.

7.

Bauxite is an amorphous clayey rock that is reddish brown in color and is the chief commercial ore of aluminum. Jamaican bauxite is known to also be particularly dusty.

8.

Pursuant to the Contract of Affreightment, the Vessel carries loads of bauxite between Noranda's facilities in Port Rhoades, Jamaica, and Gramercy, Louisiana.  On return voyages to

Jamaica, the holds of the Vessel's bauxite hoppers commonly contain some residual bauxite and dust due to the amorphous and clayey nature of the rock and the relative cost and difficulty of removing the final small quantities of bauxite carried in each shipment.

9.

In August 2019, the Vessel's lower hopper plating and tank top plating in Hold No. 7 sustained damage while discharging a shipment of raw bauxite at the Noranda facility in Gramercy, Louisiana, which necessitated emergency repairs to the Vessel.

10.

On or about August 21, 2019, Seamar Management S.A. ("Seamar"), on behalf of PBC, entered into an agreement with Boland to repair the Vessel's lower hopper plating and tank top plating of Hold No. 7 (the "Ship Repair Contract"), which repairs were performed at Boland's facility located at the Perry Street wharf in Gretna, Louisiana.

11.

As the Vessel's registered owner and commercial manager, PBC is an intended third-party beneficiary of the Ship Repair Contract entered into between Seamar and Boland, the purpose of which was to repair PBC's Vessel and return it to commercial operations. Further, or in the alternative, Seamar entered into the Ship Repair Contract as an agent of PBC, which Boland was aware of at the time the agreement was formed.

12.

Boland's repair of the Vessel required it to perform extensive steel work on the side walls of Hold No. 7 in the area of the hopper where raw bulk bauxite is stored during voyages.

13.

Boland purportedly completed repairs to the Vessel on or about September 26, 2019. Boland's invoice for the repairs totaled approximately $1,235,252.00 dollars.

14.

On September 29, 2019, following purported completion of the repairs by Boland, the Vessel departed Boland's facility and proceeded directly to Port Rhoades, Jamaica, to pick up a shipment of raw bauxite to be transported to Gramercy, Louisiana.  Upon arrival in Port Rhoades, the holds of the Vessel, including Hold No. 7, were loaded with approximately 63,000 metric tons of raw bulk Bauxite destined for the Noranda facility in Gramercy, Louisiana.

15.

On or about October 11, 2019, the Vessel berthed at the Noranda facility in Gramercy, Louisiana, beginning cargo operations soon thereafter.

16.

On or about October 13, 2019, it was discovered that the pan-feeder at the Noranda terminal was plugged with scrap metal, wood, scaffold boards, and other miscellaneous debris.  On October 14 and 15, 2019, additional foreign metal and debris were discovered in Noranda's terminal equipment while discharge of Hold No. 7 was nearing completion.

17.

The rough edges of the steel and debris found in the Noranda terminal equipment caused damage to Noranda's conveyor belt system, which required replacement of the conveyor belt's coupling before cargo operations could resume, and other damage to Noranda's equipment. The damage caused to Noranda's equipment also required a temporary suspension of cargo operations at Noranda's terminal.

4

18.

Subsequent investigation determined that the source of the scrap metal, wood, scaffold boards, and miscellaneous other debris found in Noranda's terminal equipment was Hold No. 7 of the Vessel, and that scrap metal, wood, scaffold boards, and other debris had been left in Hold No. 7 by Boland and/or Boland's following their repairs to of the Vessel in September.

19.

Following the incident at the Noranda facility, a representative of Boland admitted that Boland had left debris in the Vessel following completion of repairs.

20.

Under Ship Repair Contract, Boland expressly undertook and agreed to refrain from causing damage to the property of third parties by Boland's sole negligence, and warranted against defective workmanship caused by the sole negligence of Boland and/or its employees. Boland breached these express warranties by failing to perform its work in a workmanlike manner and causing damage to property of Noranda, both of which occurred through Boland's sole negligence.

21.

In addition, or in the alternative, Boland owed to PBC an implied warranty of workmanlike performance, a warranty implied in every contract for the repair of a vessel. Boland breached its implied warranty of workmanlike performance by failing to remove debris and other foreign materials from the Vessel's Hold No. 7 at the completion of repairs, failing to warn PBC of the presence of debris and other foreign materials in Hold No. 7, and creating an unsafe condition onboard the Vessel that Boland knew or should have known was likely to manifest and cause damage during the Vessel's next discharge operation.

22.

In addition, or in the further alternative, Boland agreed and was obligated under the Ship Repair Contract to remove all debris, materials, and equipment used in those repairs from the Vessel's cargo hold upon the completion of repairs. Boland's failure to do so breached the Contract and resulted in damages to PBC.

23.

In addition, or in the further alternative, Boland breached a duty to PBC to perform repairs on the Vessel in a non-negligent manner, and to refrain from creating a dangerous condition onboard the Vessel likely to cause damage to third-party property during the Vessel's next discharge operation, and/or failing to warn PBC of the dangerous condition Boland created upon the purported completion of the repairs.

24.

Boland's failure to remove scrap metal, wood, scaffold board, trash, and other debris in Hold No. 7, in violation of its express and implied warranties and in breach of legal duties owed to PBC, proximately caused damage resulting in equipment repair costs and lost production totaling $600,574.65.

25.

On or about July 27, 2020, PBC paid the full sum of THREE HUNDRED THOUSAND AND 00/100 DOLLARS ($300,000.00) to Noranda in full and final settlement of all of Noranda's claims for equipment damage and lost production arising out of the incident in October 2019.

25.

As a result of its payment to Noranda, PBC is equitably subrogated and entitled to indemnity against Boland for the full sum of THREE HUNDRED THOUSAND AND 00/100 DOLLARS ($300,000.00) caused by Boland's breach of express and implied warranties,

negligence, and failure to perform its contractual obligations in a workmanlike manner, together with all attorneys' fees and costs incurred in the defense and settlement of Noranda's claim and the prosecution of this action, plus legal interest from date of judicial demand.

**WHEREFORE**, premises considered, Plaintiffs pray that process issue to Defendant, Boland, requiring it to appear and answer the allegations of this Original Complaint, within the delays allowed by law; and that after all legal delays and due proceedings are had, there be judgment rendered in favor of Plaintiffs and against Defendant in the full sum of THREE HUNDRED THOUSAND AND 00/100 DOLLARS ($300,000.00), plus attorneys' fees and costs incurred in defense and settlement of the claims by Noranda and the prosecution of this action against Boland in an amount to be set by the Court, plus legal interest from the date of judicial demand, and all other general and equitable relief to which Plaintiff may be entitled.

Respectfully Submitted:

By:   */s/ Alan R. Davis*
Alan R. Davis, #31694
Stephen F. Butterfield, #35689
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email: adavis@lawla.com
        sbutterfield@lawla.com

*Attorneys for Plaintiffs, Bulk Patriot, Ltd.*
*and Phoenix Bulk Carriers (US) LLC*

**SERVICE INFORMATION**

Defendant, Boland Marine & Industrial, LLC
*Through its registered agent*
Mike A. Keim
1000 Tchoupitoulas Street
New Orleans, LA 70130